UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BUZZBALLZ LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MPL BRANDS NV, INC., et al.,<br><br>    Defendants. | Case No. 25-mc-80377-EKL (RMI)<br><br>**ORDER DENYING MOTION TO QUASH AND GRANTING MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 1, 3 |

    This matter was recently transferred to the Northern District of California for the resolution of a pending Motion to Quash Subpoena by nonparty Sazerac, (dkt. 1), and a pending Motion to Compel by Defendant MPL Brands, (dkt. 3). Nonparty Sazerac, joined by the subpoena recipient Arlington Capital Advisors, asked that the court defer to the District Court for the Western District of Kentucky based on a similar motion to quash a subpoena served on Sazerac, or else quash the subpoena because it is unduly burdensome and requests information that is confidential, privileged, and irrelevant. (Dkt. 1; Dkt. 6.) Defendant moves to compel the production of documents responsive to the subpoena; Sazerac and Arlington Capital Advisors oppose the motion on the same grounds that they moved to quash the subpoena. (Dkt. 3; Dkt. 9; Dkt. 17.)

    The court agrees that the subpoena in this matter concerns the same subject matter as, and is substantially similar to, the subpoena served on Sazerac. Insofar as Sazerac and Arlington request that the court defer to the ruling in the Western District of Kentucky on the Sazerac subpoena, that case was transferred to this district and addressed by this court in case 5:25-mc-80351-EKL. Sazerac and Arlington make the same arguments about relevance, confidentiality, and scope that the presiding judge and this court previously denied. The court finds that the

information requested is relevant to the claims in the related matter and non-duplicative of the requests made to Buzzballz and shall be produced forthwith. As such, and for the same reasons this court explained regarding the Sazerac subpoena, (Order, 5:25-mc-80351-EKL, dkt. 39), the Motion to Quash is **DENIED** and the Motion to Compel is **GRANTED**. Arlington and Sazerac have raised concerns that the protective order in place in the related matter is not sufficient. The parties are instructed to meet and confer on the issue and enter into an agreement such that the production can be made in a sufficiently protected manner.

**IT IS SO ORDERED.**

Dated: January 5, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

2